**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| CHOWCHILLA INVESTMENT GROUP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04-1260C |
| | ) | (Judge Francis M. Allegra) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's Order of April 11, 2005, the parties respectfully submit this Joint Status Report to apprise the Court of the status of their continuing efforts to resolve certain closely-related cases through the Court's Alternative Dispute Resolution ("ADR") pilot program, and the effect of these efforts upon this case and upon Exeter Enterprises v. United States, No. 04-1288C, and 1st Trust & Savings Bank of Kankakee v. United States, No. 04-1306C.

Exeter, 1st Trust, and this case are three of approximately 150 related suits filed with the Court since August 6, 2004. Initially, three of these cases were designated for the Court's ADR pilot program. Currently, there are approximately 40 properties that have been designated for ADR.

The parties continue to make good progress in their efforts pursuant to the ADR process. Since the filing of the parties' last joint status report on June 16, 2005, the parties have exchanged additional documents supporting their respective views and are further discussing various elements of the damage calculation process and other issues common to the cases that have formally been referred to ADR as well as the related suits filed with the Court since August 6, 2004 (including Exeter, 1st Trust, and this case) that have been stayed pending ADR proceedings. The parties have reached tentative agreement concerning some of these elements, and, during August 2005, exchanged damage calculations incorporating various agreed assumptions. The latter exchanges have helped to clarify the remaining areas of disagreement, and the parties are

continuing to discuss these areas in an effort to resolve them. In particular, the parties are now working to resolve what appear to be certain discrepancies between their analyses, with respect to both (a) the damages models being employed by each party, and (b) the proper documentation to be utilized as support for the analyses. As a result of these efforts, the parties have agreed to engage in further document exchanges and prepare additional analyses in an attempt to ensure that future analyses conducted as part of this process are performed in a consistent manner. Thus, once the parties are able to resolve the apparent discrepancies between their damages models, they plan to continue conducting analyses of the properties at issue in these cases.

The parties hope that their current efforts will produce a methodology that can be applied to the remaining cases that have been designated for ADR, and to the remaining related cases that have been stayed. In sum, the parties have been pleased with the ADR process to date and desire to continue with those efforts.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

**s/ David M. Cohen**
DAVID M. COHEN
Director

**s/ Jeff H. Eckland**
JEFF H. ECKLAND
Eckland & Blando LLP
700 Lumber Exchange
10 South Fifth Street
Minneapolis, MN 55402
Tele: (612) 305-4444
Fax: (612) 305-4439

*Attorney for Plaintiff*

**s/ Shalom Brilliant**
SHALOM BRILLIANT
Senior Trial Counsel
Commercial Litigation Branch
Civil Division
Department of Justice
1100 L Street, N.W.
Attn: Classification Unit
Room 8012
Washington, D.C. 20530
Tele: (202) 305-7561
Fax: (202) 305-7643

*Attorneys for Defendant*

**Filed Electronically with the Consent of the Attorney for Defendant**

October 3, 2005